### INTER–COUNTY TITLE GUARANTY & MORTGAGE CO. v. RASQUIN.
### UNITED STATES v. INTER–COUNTY TITLE GUARANTY & MORTGAGE CO.

Nos. 1411, 7091.

District Court, E. D. New York.

May 8, 1941.

W. Royden Klein, of Floral Park, N. Y. (Leo Brady, of New York City, of coun-sel), for Inter-County Title Guaranty and Mortgage Company.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Donald J. Marran, Sp. Assts. to Atty. Gen., and Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., of counsel), for United States and another.

CAMPBELL, District Judge.

The two above entitled causes were after final hearing consolidated, as the statute involved was in effect the same in both cases.

The first above entitled action was brought by the taxpayer to recover from the administratrix of the deceased Internal Revenue Collector, the aggregate amount of $1,000 and interest, paid as capital stock taxes for the periods ended June 30, 1933, and June 30, 1934.

The second above entitled action was brought by the United States of America against the Inter-County Title Guaranty and Mortgage Company to secure a judgment for $423 with interest from June 30, 1935, for capital stock taxes for the period ended June 30, 1935.

The following Statutes are involved:

National Industrial Recovery Act, Chapter 90, 48 Stat. 195, 207;

"Sec. 215. (a) For each year ending June 30 there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

\* \* \* \* \* \*

"(c) The taxes imposed by this section shall apply—

"(1) to any corporation enumerated in section 103 of the Revenue Act of 1932 [26 U.S.C.A. Int.Rev.Acts, page 506];

"(2) to any insurance company subject to the tax imposed by section 201 or 204 of such Act [26 U.S.C.A. Int.Rev.Acts, pages 546, 548]."

Revenue Act of 1932, Chapter 209, 47 Stat. 169;

"§ 204. Insurance Companies Other than Life or Mutual

"(a) Imposition of Tax. In lieu of the tax imposed by section 13 of this title, there shall be levied, collected, and paid for each taxable year upon the net income

of every insurance company (other than a life or mutual insurance company) a tax as follows: * * *." 26 U.S.C.A. Int.Rev. Acts, page 548.

Revenue Act of 1934, Chapter 277, 48 Stat. 680;

Section 204 of that Act, 26 U.S.C.A. Int.Rev.Acts, page 732, contains the identical language quoted from section 204(a) of the Revenue Act of 1932.

"§ 701. Capital Stock Tax

"(a) For each year ending June 30, beginning with the year ending June 30, 1934, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

 *  *  *  *  . *  *

"(c) The taxes imposed by this section shall not apply—

 *  *  *  *  *  *

"(2) to any insurance company subject to the tax imposed by section 201, 204, or 207 [26 U.S.C.A. Int.Rev.Acts pages 546, 548, 550]." 26 U.S.C.A. Int.Rev.Acts, page 787.

Inter-County Title Guaranty and Mortgage Company, hereinafter designated as taxpayer, was at all the times hereinafter mentioned, and is a corporation organized and existing under the laws of the State of New York, and filed federal capital stock tax returns for the taxable years ended June 30, 1933, and June 30, 1934. Thereafter taxpayer caused claims for refund to be duly filed, claiming exemption from capital stock tax returns on the ground that it was an "insurance company (other than a life or mutual insurance company)." These claims were duly denied, and suit thereafter timely instituted.

The taxpayer filed a capital stock tax return for the year ended June 30, 1935, showing an adjusted declared value of its capital stock of $423,092.18 and a tax liability thereon in the amount of $423.

The taxpayer, however, claimed exemption on the ground that it was an "insurance company (other than a life or mutual insurance company)." This was denied taxpayer, and suit to collect the sum of $423, together with interest, was instituted on or about July 22, 1940.

The taxpayer's business is carried on in this manner:

A person, usually a prospective purchaser of real estate, desiring a policy of title in-surance, makes written application to the taxpayer for such policy. The taxpayer thereafter makes an investigation in search of the records pertaining to the title of the real estate, and if the title is found to be insurable, the taxpayer issues a policy of title insurance. A copy of the form of application for such title insurance, together with the form used for the writing of the policy are in evidence. (Exs. E and F.)

The taxpayer also makes mortgage loans secured by improved and unimproved real estate.

In this connection the taxpayer sells either a whole mortgage loan, or a participating undivided interest therein. The forms used for these transactions are in evidence. (Exs. G. H. and I.)

The entire sources of the taxpayer's income and the amount received from each source for the years here involved are set up in tabular form, and are in evidence. (Exs. Q. and Q 1.)

The first and second above entitled actions were brought within the time limited by law.

▇ The tax in the second above entitled action, if due, was due on July 31, 1935, and the said action was seasonably commenced on July 27, 1940, which was within the five-year period provided by law.

The question presented for determination by this Court is, Was the taxpayer an "insurance company (other than a life or mutual insurance company)" subject to the tax, imposed by the Statutes cited?

▇ As the taxpayer is claiming an exemption, the burden rests upon it to show that it is an insurance company entitled to the exemption provided by Statute. Bowers, Executor v. Lawyers' Mortgage Co., 285 U.S. 182, 187, 52 S.Ct. 350, 76 L.Ed. 690; Equitable Life Assur. Soc. of United States v. Bowers, 2 Cir., 87 F.2d 687; Lincoln Mortgage & Title Guaranty Co. et al: v. Commissioner of Internal Revenue, 3 Cir., 79 F.2d 585.

▇ In Bowers, Executor v. Lawyers' Mortgage Co. supra, 285 U.S. at page 187, 52 S.Ct. at page 353, 76 L.Ed. 690, the Supreme Court said "The act does not define 'insurance company' or definitely indicate criteria by which corporations meant to be so specially dealt with may with certainty be identified." At page 188 of 285 U.S., at page 353 of 52 S.Ct., 76 L.Ed. 690 the

Court further said "While name, charter powers, and subjection to state insurance laws have significance as to the business which a corporation is authorized and intends to carry on, the character of the business actually done in the tax years determines whether it was taxable as an insurance company."

■ Of course the guaranty of payment of principal and interest of mortgage loans constitutes insurance. United States v. Home Title Insurance Co., 285 U.S. 191, 52 S.Ct. 319, 76 L.Ed. 695.

We must not, however, lose sight of the fact that in that case the amounts received as compensation for insuring title, for guaranteeing that mortgages are first liens, and for guaranteeing payment, constituted more than three-fourths of the respondent's income. The facts are very different in the case at bar, even taking the classification of the taxpayer of its income.

I see no reason, therefore, to analyze all of the various items of the taxpayer's income as was necessary in cases cited, because the outstanding amount of income for the years 1933, 1934, and 1935 was that received for searches made for the Home Owner's Loan Corporation, and called "certificates of title" and from what are called searches, except the amount received by the taxpayer from interest on capital fund mortgages.

■ It seems clear to me, and it has been so held, that interest received by the taxpayer on capital fund mortgages did not constitute incidental insurance income, but income derived from the lending of money on real estate. Bowers, Executor v. Lawyers' Mortgage Co., supra; Empire Title & Guarantee Co. v. United States, 2 Cir., 101 F.2d 69.

■ As to searches generally the guaranteeing of them does not constitute insurance as all that is guaranteed is the accuracy thereof, there is no insuring of title, as the instruments or liens reported must be examined and the question of whether by the instruments good title passed or good mortgage liens were created and whether the judgments reported are against the person who intends to give the deed or mortgage must be determined by the lawyer or other person representing the one for whom the search is made.

■ As to the so-called "certificates of title" given to the Home Owner's Loan Corporation, there is no insurance, but simply a guarantee based on a search of public records, and it seems to me that is no more than what would be held to be the obligation of a lawyer, who made such searches, and he does not insure titles. The closing of the title is left to the representative of the Home Owner's Loan Corporation, and the certificate covers only what appears of record. This is a long ways removed from insurance. It is simply a guarantee of accuracy, which in the case of a corporation should be in writing, but which in the case of a lawyer, who examined the title, would be inferred.

The income derived from the Home Owner's Loan Corporation for searching and certifying titles has been held not to constitute insurance income. Empire Title & Guarantee Co. v. United States, supra.

I do not think that the notation which appears upon the certificate in that case, and which is omitted from the certificate in the case at bar, in any way changes the legal effect of the certificate in the case at bar, from that of the certificate in the case of Empire Title Guarantee Co. v. United States, supra.

■ The taxpayer was not an insurance company within the purview of the statutes, imposing the taxes during the years in question.

■ As the actions have been consolidated, one decree may be entered.

As to the first above entitled action in favor of the defendant Martha E. Rasquin, as administratrix of the goods, chattels and credits, etc., of Almon G. Rasquin, deceased, against the plaintiff Inter-County Title Guaranty and Mortgage Company, dismissing the complaint herein on the merits; as to the second above entitled action in favor of the plaintiff, the United States of America, against the defendant Inter-County Title Guaranty and Mortgage Company for the sum of $423, together with interest thereon from June 30, 1935.

One bill of costs is allowed with disbursements made in both actions, to the prevailing party.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion.